### 6492. HINSON COMPANY *et al. v.* COOK BROTHERS.

WADE, J. 1. The court did not err in excluding testimony offered by the defendants to show the estimated value of certain accounts (for the transfer of which the draft sued upon was given) at the time when the transferers acquired title thereto, prior to the sale and transfer thereof by them to the defendants. The testimony amounted to a mere conclusion as to the estimated value of the accounts prior to the time of the transfer, and could not establish the actual value at the time of the transfer. The value of a commodity may sometimes be shown by proof of various circumstances, as well as by showing the market price at the time; as, for instance, the actual price obtained or offered therefor; but this rule can not be applied to establish the value of a chose in action which could not have "market value," strictly so denominated, since the moral risk, as well as many other circumstances aside from the financial worth of the debtor, such as his health, age, industry, business acumen, and the personal confidence of the prospective transferee both in his ability and integrity, must enter into and determine the value placed thereon by such a transferee.

2. Under the testimony, the draft sued upon was not without consideration. The accounts transferred to the drawers in return for the draft may be

collectable and may yet be collected by them, and at all events the right to enforce or to attempt to enforce the collection of the accounts was vested in them and furnished a consideration for the draft. Again, the parties receiving the draft and transferring the accounts therefor were at the time of the transfer apparently receiving the proceeds and benefit of the labor of the two debtors owing the accounts so transferred, and, in consideration of the draft, not only parted with the accounts, but terminated the employment of the debtors and lost their prospective labor in consequence.

3. The representations made to the drawers of the draft by the alleged agent of the plaintiffs appeared to have been made before any relation of principal and agent between the person making the representations and the plaintiffs could have been inferred from the evidence. Besides, it amounted to no such fraud upon the defendants as would nullify the contract sued upon.

4. According to the evidence of a member of the defendant firm, a consideration for the draft was supplied by the agreement to substitute his firm as debtor to the payees thereof, in lieu of the two persons whose services it was to the interest of the drawers to procure. *Hicks* v. *Walker*, ante, 391 (87 S. E. 152), and citations.    *Judgment affirmed.*

DECIDED DECEMBER 3, 1915.

Certiorari; from Jeff Davis superior court—Judge Highsmith. March 20, 1915.

*Grant & Rogers,* for plaintiffs in error.

*Newton Gaskins,* contra.